## COOPER GRIFFIN CO. v. WIEGAND.

(Supreme Court, Appellate Term. June 24, 1910.)

1. EVIDENCE (§ 441*)—PAROL EVIDENCE AFFECTING WRITING—CONTRACT OF SALE.

    A contract of sale expressly providing that all agreements of both parties were stated therein, and that no change of terms or conditions should bind either party unless indorsed thereon, excludes evidence of the sale-man's promises to furnish a showcase in addition to the goods.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2030–2047; Dec. Dig. § 441.*]

2. TRIAL (§ 60*)—PROMISE OF AGENT—EVIDENCE—ADMISSIBILITY.

    The promise of an alleged agent is not admissible to bind his principal, without proof of his authority.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 141–145; Dec. Dig. § 60.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Cooper Griffin Company against John Wiegand. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Herbert S. Murphy (Jules H. Baer, of counsel), for appellant.
M. H. Winkler, for respondent.

BIJUR, J. Plaintiff appellant sued defendant for goods sold and delivered pursuant to a written contract. The contract provided in terms that all agreements of both parties to the contract were stated therein, that no change of terms or conditions should bind either party

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

unless indorsed on the contract, and, finally, that the authority of the salesman was limited to taking orders on the printed form.

Over plaintiff's objection and exception, evidence was admitted as to promises made by the salesman to furnish a showcase in addition to the goods, for which error alone the judgment must be reversed. The person who is claimed to have made the promise is not even identified by defendant, and, of course, his authority is not proven.

A number of exceptions were taken to the charge of the court and to refusals to charge. Some of these exceptions were well taken, and would in themselves require a reversal.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.